## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONALD J. SMALL and DORIS SMALL, h/w          CASE NO.

     V.

GENERAL MOTORS CORPORATION
FEDERAL-MOGUL GLOBAL, INC.

## NOTICE OF REMOVAL

Defendant General Motors Corporation (the "removing defendant") hereby gives notice of the removal to the United States District Court for the Eastern District of Pennsylvania of the claims which have been asserted against them in the action captioned Donald J. Small and Doris Small, h/w v. A.O. Smith Corp., et al. now pending in the Court of Common Pleas of Philadelphia County, at No. 0206-0729. This Notice of Removal is filed pursuant to 28 U.S.C. § 1452(a), and as grounds for removal the removing defendant states the following:

1.       The action of which the removed claims are a part was commenced in the Court of Common Pleas of Philadelphia County.

2.       The removed claims are those for personal injury or wrongful death asserted against the automobile manufacturers on the basis of alleged exposure to certain of their asbestos-containing products, including brakes and other automotive parts, manufactured for the automobile manufacturers by Federal-Mogul Global, Inc., or companies that it purchased, one or more of which is a co-defendant of the automobile manufacturers.

3.       On October 1, 2001 Federal-Mogul Global, Inc. filed a voluntary petition for protection under Chapter 11 of the United States Bankruptcy Code, commencing bankruptcy case

number 01-10578 (the "Federal-Mogul Bankruptcy Case") currently pending in the United States Bankruptcy Court for the District of Delaware.

4.      The removed claims may be removed to this Court pursuant to 28 U.S.C. § 1452(a): (i) the removed claims are asserted in a civil action not exempt from removal; and (ii) the Court has jurisdiction of the removed claims under 28 U.S.C. § 1334. All claims asserted against the Removing Defendant is related to the Federal-Mogul Bankruptcy Case, and the continued prosecution, outcome at trial or other resolution of the claims will have an effect on the administration of the Federal-Mogul Bankruptcy Case.

5.      Removal to this Court is timely pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(3) in that the Federal-Mogul Bankruptcy Case was pending when the removed claims were asserted on or after October 1, 2001 and in that this notice has been filed within 30 days of receipt by one or all of the automobile manufacturers of a copy of the initial pleading setting forth the removed claims.

6.      Upon removal, the proceedings with respect to the removed claims are non-core. The automobile manufacturers do not consent to entry of a final order or judgment by the bankruptcy judge to the extent the bankruptcy court is authorized to hear or determine such claims consistent with 28 U.S.C. § 157(b)(5).

7.      The purpose of removal is to facilitate transfer of the removed claims to the United States District Court for the District of Delaware, the district court presiding over the Federal-Mogul Bankruptcy Case, to resolve on a consolidated basis the common threshold scientific issues concerning whether brakes and other automotive parts cause disease. *See, e.g., In re Dow Corning Corp.*, 1995 W.L. 495978, at *2 (Bankr. E.D. Mich. Aug. 9, 1995) (personal injury tort claims

2

transferred to bankruptcy court pursuant to 28 U.S.C. § 157(b)(5) to resolve threshold scientific issues concerning whether silicone breast implants caused disease after removal to federal court pursuant to 28 U.S.C. § 1452(a)).

8.     On November 20, 2001, the automobile manufacturers filed in the Federal-Mogul Bankruptcy Case a motion pursuant to 28 U.S.C. § 157(b)(5) to transfer this and all other claims related to brakes and automotive parts for consolidated resolution of the threshold scientific issues concerning whether brakes and other automotive parts cause disease.

9.     On December 10, 2001 the Honorable Alfred M. Wolin issued the attached Order provisionally transferring pursuant to 28 U.S.C. § 157(b)(5) the claims asserted against the automobile manufacturers to the United States District Court for the District of Delaware.

10.     On January 3, 2002, Judge Wolin issued a letter opinion and order reiterating that all asbestos friction claims against the automobile manufacturers pending in federal courts as of December 10 had been transferred, and ordering any claims removed after December 10 transferred as well. A copy of the Order and Opinion are attached to this Notice.

11.     On February 8, 2002, the Honorable Alfred M. Wolin denied the "Motions to Transfer the 'Friction Claims'" and simultaneously remanded the friction products claims. Attached hereto is a copy of said Order.

12.     However, on February 11, 2002, the United States Court of Appeals for the Third Circuit granted a Temporary Stay of Judge Wolin's February 8, 2002 Court Order so that the matter could be considered by a three-judge panel of that court. Attached hereto is a copy of said Order.

3

13.     The Removing Defendant files this Notice of Removal to adequately protect the interests of Removing Defendant and to facilitate transfer of these claims to the United States District Court for the District of Delaware pursuant to Judge Wolin's provisional transfer order.

14.     The automobile manufacturers will comply with 28 U.S.C. § 1446(d) by promptly giving notice of the filing of this Notice of Removal to all adverse parties to the action pending in the state court and filing a copy of this Notice of Removal with the prothonotary of the Court of Common Pleas of Philadelphia County.

                                Respectfully submitted,

                                LAVIN, COLEMAN, O'NEIL, RICCI,
                                FINARELLI & GRAY

                                BY: _____
                                      Edward T. Finch, Esquire
                                      Attorney for Defendant
                                      General Motors Corporation

4

## CERTIFICATE OF SERVICE

I, Edward T. Finch, Esquire, hereby certify that pursuant to 28 U.S.C. § 1446(d) written
notice of the removal of this action will be promptly given to all adverse parties and a copy of the
Notice of Removal will be filed with the Court of Common Pleas.

Edward T. Finch, Esquire

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category the case for the purpose of assignment to appropriate calendar.

| | |
|---|---|
| Address of Plaintiff: | Donald J. Small and Doris Small, h/w<br>7707 Hartel Avenue<br>Philadelphia, PA 19152 |
| Address of Defendant: | See attached List |
| Place of Accident, Incident or Transaction: | Various |
| | *(Use Reverse Side for Additional Space)* |

Does this case involve multidistrict litigation possibilities?    Yes ■    No ☐

*RELATED CASE IF ANY*

Case Number:    01-CV-5981        Judge _____    Date Terminated:    N/A

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ■

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ■    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐    No ■

CIVIL: (Place an ⊠ in *ONE CATEGORY ONLY*)

A.    *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act - Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ■ All other Federal Question Cases (please specify)-Related to Chapter 11 Filing

B.    *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate category)*

I, _____ , counsel of record do hereby cert

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this c action case exceed the sum of $150,000 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____        83692

*Attorney-at-Law*        *Attorney I.D.#*

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this co except as noted above.

DATE: _____

*Attorney-at-Law*        *Attorney I.D.#*

CIV 609 (9/99)

**Defendants (Names and Addresses):**

General Motors Corporation
400 Renaissance Center
P.O. Box 400
Detroit, MI 48265-4000

Federal-Mogul Global, Inc., individually and/or as parent company, successor in interest, or indemnitor to or of:

    Fel-Pro, Inc.,

    Ferodo America, Inc.,

    Gasket Holdings, Inc., formerly known as Flexitallic Gasket Company,

    Moog Automotive Inc., formerly known as Wagner Electric Corporation,

    Pneumo Abex Corp., or

    T&N plc.

    2655 Northwestern Highway
    Southfield, MI 48034

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

DONALD J. SMALL and DORIS SMALL, h/w

        CASE NO.

    V.

GENERAL MOTORS CORPORATION
FEDERAL-MOGUL GLOBAL, INC.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See §1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2441 through §2255.　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.　　( )

(c) Arbitration - Cases required to be designated for arbitration under Local Civil Rule 8.　　( )

(d) Asbestos　Cases involving claims for personal injury or property damage from exposure to asbestos.　　( X )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)　　( )

(f) Standard Management - Cases that do not fall into any one of the other tracks.　　( )

July 5, 2002
_____
(Date)

_____
Attorney-at-law

Edward T. Finch, Esquire
Attorney For
General Motors Corporation

(Civ. 660)
12/91

JS44
(Rev 12/96)

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Donald J. Small and Doris Small, h/w | SEE ATTACHED |

| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ <br> (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT <br>             OF LAND INVOLVED |
|---|---|

| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) <br> Robert E. Paul, Esquire <br> Paul, Reich & Myers, P.C. <br> 1608 Walnut Street, Suite 500 <br> Philadelphia, PA 19103 <br> (215) 735-9200 | ATTORNEYS (IF KNOWN) <br> Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray <br> Penn Mutual Tower <br> 510 Walnut Street - Suite 1000 <br> Philadelphia, PA 19106 <br> (215) 627-0303 |
|---|---|

**II. BASIS OF JURISDICTION**   (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**   (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION**   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Action for personal injury for asbestos exposure against  Federal-Mogul Global, Inc., or companies it purchased and removing defendants, removed pursuant to
28 U.S.C. § 1452(a).

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Federal Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury | **PERSONAL INJURY** <br> ☐ 362 Personal Injury – Med Malpractice <br> ☐ 365 Personal Injury – Product Liability <br> ☑ 368 Asbestos Personal Injury Product Liability <br><br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture <br> ☐ 620 Other Food & Drug <br> ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 630 Liquor Laws <br> ☐ 640 R.R. & Truck <br> ☐ 650 Airline Regs <br> ☐ 660 Occupational Safety/Health <br> ☐ 690 Other | ☐ 442 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br><br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 840 Trademark | ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce/ICC Rates etc <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 810 Selective Service <br> ☐ 850 Securities/Commodities/ Exchange <br> ☐ 875 Customer Challenge 12 USC 3410 <br> ☐ 891 Agricultural Acts |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights | **PRISONER PETITIONS** <br> ☐ 510 Motions to Vacate Sentence Habeas Corpus <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus & Other <br> ☐ 550 Other | **LABOR** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt Relations <br> ☐ 730 Labor/Mgmt Reporting & Disclosure Act <br> ☐ 740 Railway Labor Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl Ret Inc Security Act | **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br><br> **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act <br> ☐ 893 Environmental Matters <br> ☐ 894 Energy Allocation Act <br> ☐ 895 Freedom of Information Act <br> ☐ 900 Appeal of Fee Determination Under Equal Access to Justice <br> ☐ 950 Constitutionality of State Statutes <br> ☐ 890 Other Statutory Actions |

**VI. ORIGIN**   (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☑ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

| **VII. REQUESTED IN COMPLAINT:** | CHECK IF THIS IS A  **CLASS ACTION** <br> ☐ UNDER F.R.C.P. 23 | **DEMAND $** <br> In Excess of $50,000.00 | Check YES only if demanded in complaint <br> **JURY DEMAND** ☑ YES   ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S)** (See instructions)
**IF ANY**

| | JUDGE | | DOCKET NUMBER   01-CV-5981 |
|---|---|---|---|

| DATE <br> July 5, 2002 | SIGNATURE OF ATTORNEY OF RECORD <br> **Edward T. Finch, Esquire** | *(signature)* |
|---|---|---|

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

## Defendants (Names and Addresses):

General Motors Corporation
400 Renaissance Center
P.O. Box 400
Detroit, MI 48265-4000

Federal-Mogul Global, Inc., individually and/or as parent company, successor in interest, or indemnitor to or of:

Fel-Pro, Inc.,

Ferodo America, Inc.,

Gasket Holdings, Inc., formerly known as Flexitallic Gasket Company,

Moog Automotive Inc., formerly known as Wagner Electric Corporation,

Pneumo Abex Corp., or

T&N plc.

2655 Northwestern Highway
Southfield, MI 48034

LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY
BY: Edward T. Finch, Esquire
Identification No. 83692
510 Walnut Street, Suite 1000
Philadelphia, PA  19106
(215) 627-0303

| | |
|---|---|
| DONALD J. SMALL and DORIS SMALL, h/w | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| V. | JUNE TERM, 2002 |
| A.O. SMITH CORP., ET AL. | NO. 0729 |

## PRAECIPE TO FILE NOTICE OF REMOVAL

**TO THE PROTHONOTARY:**

Kindly file the attached Notice of Removal in the above-captioned matter.

Respectfully submitted,

LAVIN, COLEMAN, O'NEIL, RICCI,
FINARELLI & GRAY

BY: _____

Edward T. Finch, Esquire
Attorney for Defendant,
General Motors Corporation

# CT System

**Service of Process Transmittal Form**
**Philadelphia, Pennsylvania**

**06/14/2002**
**Via Federal Express (2nd Day)**

**TO:** Gerard Cedrone
Lavin Coleman Finarelli & Gray
Penn Mutual Tower
510 Walnut Street
Philadelphia, PA 19106

**LCORF&G**

**JUN 17 2002**
**RECEIVED**

**RE:**  **PROCESS SERVED IN PENNSYLVANIA**

**FOR**     General Motors Corporation Domestic State: De

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **1. TITLE OF ACTION:** | Donald J. Small and Doris Small vs A.O. Smith Corp. et al including General Motors Corporation |
| **2. DOCUMENT(S) SERVED:** | Notice, Complaint, Verification, Jury Demand. |
| **3. COURT:** | Common Pleas Court, Philadelphia County, Pennsylvania Case Number 000729 |
| **4. NATURE OF ACTION:** | Asbestos litigation. Amount Claimed: in excess of $100,000. |
| **5. ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Philadelphia, Pennsylvania |
| **6. DATE AND HOUR OF SERVICE:** | By Process server on 06/14/2002 at 13:40 |
| **7. APPEARANCE OR ANSWER DUE:** | Within 20 Days |
| **8. ATTORNEY(S):** | 215-735-9200 Robert E. Paul, Esquire Paul, Reich & Myers, P.C. 1608 Walnut Street Suite 500 Philadelphia, PA 19103 |
| **9. REMARKS:** | CC sent to Rosemarie Williams at General Motors. |

**SIGNED**     CT Corporation System

**PER**
**ADDRESS**     Ann Marie Armstrong
1515 Market Street
Suite 1210
Philadelphia, PA 19102
SOP WS 0004564010

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.



PAUL, REICH & MYERS, P.C.
Firm No. 99997
By: Robert E. Paul, Esquire
Identification No. 21252
Attorney for Plaintiff
1608 Walnut Street, Suite 500
Philadelphia, PA 19103
(215) 735-9200

> **THIS IS NOT AN ARBITRATION MATTER.**
> **ASSESSMENT OF DAMAGES HEARING NOT REQUIRED.**
> **JURY TRIAL DEMANDED.**

## IN THE COURT OF COMMON PLEAS
## OF PHILADELPHIA COUNTY
## TRIAL DIVISION: CIVIL SECTION -

DONALD J. SMALL and DORIS SMALL,
h/w
7707 Hartel Avenue
Philadelphia, PA 19152

    vs.

A.O. SMITH CORP.(369)
11270 West Park Place
Milwaukee, WI 53224
   (continued...)

: JUNE TERM, 2002

::

: NO.    CC0729

:

ASBESTOS CASE

ATTEST
JUN 6 2002
M   ...MONS
PRO. PROTHY

> **COMPLAINT -- CIVIL ACTION**
> **2090 ASBESTOS**

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP

**PHILADELPHIA BAR ASSOCIATION**
LAWYER REFERRAL AND INFORMATION SERVICE
ONE READING CENTER
PHILADELPHIA, PENNSYLVANIA 19107
TELEPHONE: (215) 238-1701

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE FILADELFIA**
SERVICIO DE REFERENCIA E INFORMACIÓN
ONE READING CENTER
FILADELFIA, PENNSYLVANIA 19107
TELÉFONO. (215) 238-1701

1

A.W. CHESTERTON, INC.(127)
Route 93
Middlesex Industrial Park
Stoneham, MA  02180

ACE HARDWARE CORP.
2200 Kensington Court
Oakbrook, IL  60521

AMCHEM PRODUCTS, INC.(229)
300 Brookside Avenue
Ambler, PA  19002

AMERICAN STANDARD, INC.
1 Centennial Avenue
Piscataway, NJ  08855

AZROCK INDUSTRIES(11126)
c/o DOMCO INDUSTRIES
1001 Yamaska St. E.
Farnham, Que,  Canada J2N1J7

BEAZER EAST (f/k/a Koppers)(440)
c/o CABRAJA SILVERBERG & WRIGHT
3400 Gulf Tower
707 Grant Street
Pittsburgh, PA  15219

BF GOODRICH COMPANY
2550 W. Tyvola Road
Charlotte, NC  28217-4543

BOC GROUP(466)
575 Mountain Ave.
Murray Hill, NJ  07974

BONDEX INTERNATIONAL, INC.(2444)
707 Spirit40 Park Drive
Chesterfield, MO  63005

BORG-WARNER CORPORATION(055)
200 South Michigan Avenue
Chicago, IL  60604

BROUDY SUPPLY CO.(7257)
9 Union Hill Road
West Conshohocken, PA  19428

C.E. REFRACTORIES(009)
c/o William J. O'Brien, Esquire
DELANEY & O'BRIEN
Constitution Place
325 Chestnut Street, Ste. 1212
Philadelphia, PA 19106

2

CERTAIN-TEED CORPORATION(090)
Swedesford & Old School Rds.
Valley Forge, PA  19481

CHEVRON USA, INC. (J)
Secretary's Department
Attn: Hilman P. Walker
575 Market Street, #3800
San Francisco, CA  94105

CLEAVER-BROOKS, INC.(155)
A Division of Aqua-Chem, Inc.
3707 North Richards
P. O. Box 421
Milwaukee, WI  53201

CONGOLEUM CORPORATION(0444)
P.O. Box 3127
Trenton, NJ  08619

CONWED
c/o CT
1209 Orange St.
Wilmington, DE  19801

COONEY BROTHERS(178)
1850 N. Gravers Road
Plymouth Meeting, PA  19462

CRANE CO.(11752)
100 First Stamford Place
Stamford, CT  06902

CROUSE-HINDS(0471)
600 Travis
Suite 5800
Houston, TX  77002

DANA CORPORATION(061)
4500 Dorr Street
P.O. Box 1000
Toledo, OH  43697

DURABLA MANUFACTURING CO.(2952)
140 Sheree Blvd.
Lionville, PA  19353

ECONOMY PLUMBING
5245 Germantown Avenue
Philadelphia, PA

FLINTKOTE COMPANY(019)
Attn:  Christine M. Hamilton
Three Embarcadero Center, Ste. 1190
Suite 1600
San Francisco, CA  94111-4047

GARLOCK, INC.(022)
c/o Coltec Industries, Inc.
Three Coliseum Centre
2730 West Tyvola Road
Charlotte, NC  28217

GENERAL MOTORS CORPORATION(148)
c/o CT Corporation Systems
1635 Market Street, Suite 1120
Philadelphia, PA  19103

GEORGIA-PACIFIC CORPORATION(244)
c/o CT Corporation Systems
1635 Market Street, Suite 1120
Philadelphia, PA  19103

GOODYEAR TIRE AND RUBBER CO.
c/o James Boyazis, V.P. & Secretary
1144 East Market Street
Akron, OH  44316-0001

GREENE, TWEED & COMPANY(132)
Detweiler Road
Kulpsville, PA  19443

HAJOCA CORPORATION(258)
950 Township Line Road
Chester, PA  19013

HERCULES CHEMICAL COMPANY, INC.(310)
111 South Street
Passaic, NJ  07055

HONEYWELL, INC.
101 Columbia Road
Morristown, NJ  07962

IPA SYSTEMS, INC.(427)
2745 North Amber Street
Philadelphia, PA  19134

J.A. Sexauer
P.O. Box 1000
White Plains, NY  10602

J.H. FRANCE REFRACTORIES CO.(227)
895 Clarence Road
Snow Shoe, PA  16874

4

JOHN CRANE, INC.(093)
6400 Oakton Road
Morton Grove, IL  60053

KAISER GYPSUM COMPANY, INC.(346)
3000 Busch Road
Pleasanton, CA  94566

KARNAK CORPORATION(7734)
330 Central Avenue
Clark, NJ  07066

KEELER-DORR-OLIVER INC.(225)
238 West Street
Williamsport, PA  17701

KERITE COMPANY(174)
225 West Washington Street
Chicago, IL  60606

KOHLER COMPANY

Kohler, WI  53044

McCORD GASKET COMPANY(3944)
26555 Northwestern Highway
Southfield, MI  48034

MINNESOTA MINING AND MANUFACTURING
3 M Center
St. Paul, MN  55144

MOBIL OIL CORPORATION(453)
c/o Prentice Hall Corporation
2704 Commerce Drive, Suite B
Harrisburg, PA  17110

MOHAWK MFG. & SUPPLY COMPANY(152)
7354 North Caldwell Avenue
Niles, IL  60648

MONSEY PRODUCTS(070)
Coldstream Road
Kimberton, PA  19442

NOSROC CORPORATION(029)
c/o CT Corporation Systems
1635 Market Street, Suite 1120
Philadelphia, PA  19103

OKONITE COMPANY(3607)
Hilltop Road
Ramsey, NJ  07446

5

ORR & SEMBOWER
2821 Turnpike Industrial Dr.
Middletown, PA   17052

OWENS-ILLINOIS, INC.(032)
One SeaGate
Toledo, OH   43666

P&H SUPPLY
7900 Rockwell Street
Philadelphia, PA   19111

PARS MANUFACTURING COMPANY(034)
101 South Main Street
Ambler, PA   19002

PECORA CORPORATION(429)
165 Wambold Road
Harleysville, PA   19438

PEERLESS INDUSTRIES, INC.(158)
Spring & Schaeffer Sts.
Boyertown, PA   19512

PENNYPACK SUPPLY
8047 Craig Street
Philadelphia, PA   19136

PNEUMO ABEX CORPORATION(046)
Liberty Lane
Hampton, NH   03842

POWERMASTER PACIFIC
3525 North 6th
Harrisburg, PA   17110

QUIGLEY COMPANY, INC.(319)
c/o C/T Corp.
111 Eighth Avenue
New York, NY   10011

RHONE-POULENC AG
P.O. Box 12014
2TW Alexander Drive
Research Triangle Park, NC   27709

RILEY STOKER CORPORATION(233)
No. 9 Neponset Street
Worcester, MA   01606

```
RITE HOSE & PACKING(154)
as successor to BEVCO INDUSTRIES
c/o G. Daniel Bruch, Jr., Esquire
SWARTZ, CAMPBELL & DETWEILER
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316

ROCKBESTOS CO.(425)
c/o U.S. Corporation Co.
2704 Commerce Drive, Suite B
Harrisburg, PA  17110

SEARS ROEBUCK(5056)
c/o CT Corporation System
1635 Market Street, Suite 1120
Philadelphia, PA  19103

SELBY BATTERSBY AND COMPANY(5786)
c/o Francis McGill Hadden, Esquire
HECKER, BROWN, SHERRY & JOHNSON
1700 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

SEPCO CORPORATION(136)
c/o Clokan J. Hollan
7301 Orangewood Avenue
Garden Grove, CA  92841-1411

SID HARVEY MID ATLANTIC, INC.(160)
410 S. Henderson Rd.
P.O. Box 1330
King of Prussia, PA  19406

SLOAN VALVE COMPANY(202)
10500 Seymour Avenue
Franklin Park, IL  60131

SOS PRODUCTS COMPANY(5462)
4th and Railroad Streets
East Greenville, PA  18041

UNION CARBIDE CORP.(081)
c/o Joan  Murphy, Esquire
KELLEY, DRYE & WARREN
101 Park Avenue
New York, NY 10178-0002

UNIROYAL, INC.(043)
70 Great Hill Road
Naugatuck, CT  06770
```

VELLUMOID, INC.(313)
54 Rockdale Street
Worcester, MA  01606

WEIL McLAIN, A Division of The Marley Company, A Wholly Owned
Subsidiary of United Dominion Industries, Inc.(163)
Glaine Street
Michigan City, IN  46360

WEINSTEIN SUPPLY CO.(264)
Wycombe & Midway Ave.
Lansdowne, PA  19050

WILLIAM BETZ PLUMBING SUPPLY
2826 Frankford Ave.
Philadelphia, PA  19134

PAUL, REICH & MYERS, P.C.
Firm No. 99997
By: Robert E. Paul, Esquire
Identification No. 21252
Attorney for Plaintiff
1608 Walnut Street, Suite 500
Philadelphia, PA 19103
(215) 735-9200

> **THIS IS NOT AN ARBITRATION MATTER.**
> **ASSESSMENT OF DAMAGES HEARING NOT REQUIRED.**
> **JURY TRIAL DEMANDED.**

## IN THE COURT OF COMMON PLEAS
## OF PHILADELPHIA COUNTY
## TRIAL DIVISION: CIVIL SECTION

DONALD J. SMALL and DORIS SMALL,
h/w
7707 Hartel Avenue
Philadelphia, PA 19152

vs.

A.O. SMITH CORP.(369), et al.
11270 West Park Place
Milwaukee, WI 53224

: JULY TERM, 2002
:
:
:
:
: NO.
:
:
:
:
:
:
:
:
: ASBESTOS CASE

> **COMPLAINT -- CIVIL ACTION**
> **ASBESTOS**

     1.   Plaintiffs, Donald J. Small  and Doris Small, husband and wife, reside at 7707 Hartel Avenue, Philadelphia, Pennsylvania, and are citizens of the Commonwealth of Pennsylvania.

     2.   Plaintiff, Donald J. Small, was born on May 30, 1938, and his social security number is 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.

     3.   Plaintiff Donald J. Small's only dependent is his wife Doris Small.

4.   Plaintiff, Donald J. Small, has smoked approximately
1 packs of cigarettes per day from 1958 until 1976.

5.   Plaintiff's Social Security and IRS records will be
furnished upon receipt.

6.   Plaintiff's work history is as follows:

(a)   from 01/01/1956 to 01/01/1958 - R.D. Wood (6th &
Chestnut St., Phila.) as an accounting trainee

(b)   from 01/01/1958 to 01/01/1960 - U.S. Army as a
spec. 4/c

(c)   from 01/01/1960 to 10/31/1962 - Western Electric
as an installer (offices)

(d)   from 11/01/1962 to present - School District of
Phila.-Local 1201 as a plumber

7.   Plaintiff was exposed to asbestos at all sites set
forth supra.

8.   Plaintiff incorporates by reference against
defendants all the allegations of the Complaints filed in Joan
Nealy, Executrix of Harry Platt v. Abex Corporation, et al.,
Philadelphia C.P. May Term, 1985, No. 2678, Rafael and Cecilia
Montero v. Abex Corporation, et al., Philadelphia C.P. July Term,
1986, No. 1216, and Richard and Suzanne Balbirer v. Abex
Corporation, et al., Philadelphia C.P. July Term, 1986, No. 649, and
in Anna Tedeschi, Administratrix of Cosmo Tedeschi v. Abex
Corporation, et al., Philadelphia C.P. January Term, 1986, No. 1641,
and in the Master Plaintiffs' Complaint filed and prepared pursuant
to the Order establishing the Master Pleadings Procedure in the
Court of Common Pleas as if fully set out herein.

10

9. All allegations against defendants named in this lawsuit that were made in the Complaints filed in the lawsuits annotated in Paragraph 8 above or in the Master Complaint are incorporated by reference.

10. The defendants are those companies listed in the caption. The principal places of business and the states of incorporation of each of the defendants are set out in the above-referenced filed master complaint or herein.

(a) A.O. Smith, a Wisconsin corporation with its principal place of business in Wisconsin at all times sold asbestos containing products or designed its products to contain asbestos. Such asbestos products gave off asbestos dust which was inhaled by Plaintiff which caused the injuries complained of herein. A.O. Smith is also sued in its capacity as successor in interest to Clark Controller and is responsible for injuries caused by exposure to the producs of Clark Controller. That company manufactured, distributed and sold asbestos containing products on cranes and other equipment. Exposure to asbestos dust and fibers from Clark Controller asbestos products caused the injuries complained of herein.

(b) At all times material, Ace sold asbestos products which caused the injuries complained of herein.

(c) Defendant, American Standard, Inc. is the successor in interest to Westinghouse Air Brake Co., which sold asbestos-containing products such as, but not limited to, gaskets, brake shoes and brake linings. American Standard or its other predecessor, Ideal, sold asbestos-containing boilers and cement to which plaintiff was exposed.

11

(d)    Defendant, Azrock Industries, is a Delaware corporation with its principal place of business located in San Antonio, Texas. At all times material to this action, Defendant, sold asbestos containing products to which plaintiff or decedent was exposed. This exposure was a substantial contributing factor to the injuries complained of herein.

(e)    Defendant, Beazer East, Inc. (f/k/a Koppers Industries, Koppers Company, Inc., and Koppers Company), is a Pennsylvania corporation with its principal place of business in Pennsylvania. At all times material it sold asbestos containing roofing and other asbestos products to which Plaintiff was exposed and which caused his injury.

(f)    Defendant, BF Goodrich Company, is a New York corporation with its principal place of business located at 3925 Embassy Parkway, Akron, Ohio. At all times material it sold cement and brake linings to which the injured person was exposed.

(g)    Defendant, BOC Group, is a New York corporation with is principal place of business located at 65 E. 55th Street, New York, New York.

(h)    Defendant, Bondex International, Inc., is a Missouri corporation with its principal place of business located at 3616 Scarlet Oak Boulevard, St. Louis, Missouri, and is the successor in interest to Reardon which sold asbestos-containing joint compound. Bondex also sold asbestos joint compound.

(i)    Broudy Supply Company is a Pennsylvania corporation with its principal place of business at 25th & York. At all times material to this action, defendant sold asbestos-

12

containing products to which plaintiff or decedent was exposed and which caused the injuries complained of herein.

(j)   Defendant, Chevron USA is a Delaware Corporation with its principal place of business at 575 Market Stree, San Francisco, California. At all times material it sold asbestos panel and roofing products to which plaintiff was exposed.

(k)   Defendant, Cleaver-Brooks, Inc., is a Delaware corporation with a principal place of business located in Lebanon, Pennsylvania. At all times material hereto Cleaver-Brooks, Inc. sold boilers which were designed or intended to be insulated with asbestos. Because the boilers failed to contain adequate and sufficient warnings of the possible hazards of asbestos, they were defective and the conduct of defendant in selling that those products without such warnings was negligent. Since asbestos insulation on the boilers had to be removed, it was dangerous and warnings should have been given.

(l)   Defendant, Congoleum Corporation, is a New Jersey corporation with its principal place of business located in Trenton, New Jersey which sold asbestos tile and floor products to which plaintiff was exposed.

(m)   Conwed is a Delaware Corporation with its principal place of business in Minnesota. At all times material it and its predecessor Wood Conversion Company manufactured and sold asbestos containing products including but not limited to Lo-Tone Ceiling tiles and Lay-In panels.

(n)   Crane Company is a Delaware Corporation with its principal place of business in Connecticut. It is the sucessor in

13

interest to its former parent, Crane Company, an Illinois corporation, and liable for injuries due to exposure to the former Illinois Crane's asbestos products. At all times material to this action, Crane's predecessor sold Cranite sheet packing, packing for valves, braided asbestos, wick and rope packing, asbestocel, 85% magnesia, wool felt and other asbestos pipe insulation. Exposure to the asbestos dust from these products caused the injuries complained of herein.

(o) Defendant, Crouse-Hinds, is a Texas corporation with its principal place of business located in Houston, Texas. Crouse-Hinds is a mere creature and alter ego or a predecessor in interest to Cooper Industries which is liable for any and all damages for injuries suffered from exposure to Crouse-Hinds products. Plaintiff/decedent used, handled or was exposed to Chico X asbestos fiber which was distributed or sold by Crouse-Hinds.

(p) Economy Plumbing is a Pennsylvania Corporation. At all times material it sold asbestos to which the injured person was exposed and which caused the injuries herein.

(q) General Motors is a Delaware corporation with its principal place of business in Michigan. At all times it sold asbestos brake linings, clutches, gaskets and paper. It also sold vehicles designed and intended to include asbestos products either of General Motors or others including engines. It is also sued as a premises defendant for injuries suffered in its Anderson, Indiana plant where the injured party was exposed and for the Allison plant in the Indianapolis area.

(r) Defendant, Goodyear Tire & Rubber Co., is a

14

corporation organized and existing under the laws of the
Commonwealth of Kentucky with its principal place of business in
Kentucky and is doing business in the Commonwealth of Pennsylvania.
At all times material hereto, defendant, Goodyear Tire & Rubber Co.,
manufactured, produced and sold asbestos products either directly or
indirectly, in the geographical area in which plaintiffs worked
and/or to the employers of the plaintiffs, including, but not
limited to, asbestos brake linings.

(s)    Defendant, Greene, Tweed & Company, is a
Pennsylvania corporation with its principal place of business
located at Detweiler Road, Kulpsville, Pennsylvania.

(t)    Defendant, Hercules Chemical, is a New Jersey
corporation with its principal place of business at 111 South
Street, Passaic, New Jersey. At all times material to this action
defendant sold asbestos containing products such as Fireite,
Hercules Furnace Cement, Hi-Heat Furnace Cement, For Heat's Sake
Staput Roof and Flashing Cement to which the injured person was
exposed. The injured person inhaled asbestos dust from the asbestos
products which caused the injuries complained of herein.

(u)    Defendant, HONEYWELL at all times material sold
and/or installed V493 and V893 electric diaphram gas valves, and
C434 pilotstat and Q235, 300, 309A1, and 309A2 thermocouples
containing asbestos to or use on the Lattner boiler at issue herein.
As a result of the asbestos being released during installation,
operation or repair of the Lattner boiler at issue herein, the
asbestos was inhaled by the injured person causing the injuries
complained of herein.

15

(v)    Defendant, IPA Systems, Inc., is a Pennsylvania corporation with its principal place of business located at 2745 North Amber Street, Philadelphia, Pennsylvania. IPA Systems, Inc. is the successor in interest to Penn Crete Products. Penn Crete Products was a Pennsylvania corporation with its principal place of business located at 2745 North Amber Street, Philadelphia, Pennsylvania. At all times material hereto Penn Crete sold asbestos-containing joint compound or cement to which plaintiff was exposed.

(w)    Defendant, Sexauer J.A. Manufacturing Company is a California corporation with its principal place of business located at 105 Mayo Avenue, Vallejo, California. At all times material to this action it sold asbestos-containing products to which plaintiff or decedent was exposed. This exposure was a substantial contributing factor to the injury complained of herein.

(x)    Defendant, John Crane, Inc., formerly known as Crane Packing and John Crane-Houdaille, is a Delaware corporation with its principal place of business at 6400 Oakton Road, Morton Grove, Illinois.

(y)    Defendant, Kaiser Gypsum Company, Inc., is a California corporation with its principal place of business located at 3000 Busch Road, Pleasanton, California. At all times material it sold asbestos cement, board, joint compound and other products.

(z)    Defendant, Karnak Corporation is a New Jersey corporation with its principal place of business in New Jersey. At all times material it sold asbestos products to which the injured person was exposed and which caused the injuries complained of herein. Such asbestos products included but are not limited to 155

16

Amphibıkote.

(aa) Defendant, Keeler/Dorr - Oliver Boiler Co., is a Pennsylvanıa Corporation with ıts principal place of business at 238 West Street, Williamsport, Pennsylvania. At all times material to this actıon, Keeler/Dorr-Oliver or its predecessor in interest, Keeler, sold boilers designed to include asbestos or which it knew or should have known would be insulated wıth asbestos and on whıch asbestos would be installed and from which asbestos would be removed. As a result of working on, in or around Keeler boilers, employee herein was exposed to asbestos which caused his injurıes.

(bb) Defendant, Kerite Company, is a Connecticut corporatıon wıth its principal place of business located at 49 Day Street, Seymour, Connecticut.

(cc) Kohler Company is a Wisconsin corporation with its principal place of business in Wisconsin. At all times material to this action, it sold asbestos-containing boilers and/or asbestos cement, paper, gaskets, board and other asbestos products to which plaintiff was exposed. Such exposure caused the injuries complained of herein.

(dd) At all times material defendant Minnesoty Mıning and Manufacturing sold asbestos products which caused the injuries complained of herein.

(ee) Defendant, Mobil Oıl Corporation, is a Delaware corporation whose principal place of business is located in New York. Mobil sold Dum Dum asbestos products to which plaintiff/decedent was exposed and which caused the injuries complained of herein.

17

(ff) Defendant, Okonite Company, is a Delaware corporation with its principal place of business at Hilltop Road, Ramsey, New Jersey. At all times material, it sold asbestos-containing wire and cable to which plaintiff/decedent was exposed.

(gg) At all times material to this action defendant sold, manufactured, distributed, repaired or was responsible for boilers. These boilers caused the injuries complained of herein.

(hh) P&H Supply is a Pennsylvania corporation with its principal place of business in Pennsylvania. At all times material, it sold asbestos products to which plaintiff was exposed and which caused plaintiff's injury.

(ii) Defendant, Pars Manufacturing Company, is a Pennsylvania corporation with its principal place of business located at 101 South Main Street, Ambler, Pennsylvania.

(jj) Defendant, Pecora Corporation, is a Pennsylvania corporation with its principal place of business located at 165 Wambold Road, Harleysville, Pennsylvania. Pecora Corporation at all times material hereto, manufactured, supplied, distributed and/or produced any and all of the asbestos-containing products to which the plaintiff/decedent was exposed through his employment including, but not limited to, Red Devil Furnace Cement, sealings and other products.

(kk) At all times material, Pennypack Supply sold asbestos containing products to which plaintiff was exposed.

(ll) At all times material Powermaster sold boilers insulated with asbestos and/or supplied replacement asbestos products used on its boilers. Exposure to the asbestos on the

18

Powermaster boiler caused the injuries complained of herein.

(mm) Defendant, Rhone-Poulenc, is a Delaware corporation with its principal place of business in North Carolina. It is the successor in interest to Amchem and Benjamin Foster and is responsible for injuries due to exposure to asbestos of Benjamin Foster.

(nn) Defendant, Sears Roebuck is a New York corporation with its principal place of business in New York. At all times materials to this action it sold asbestos-containing products including but not limited to Master-mixed Asbestos Fiber Roof Cement. Said products were sold without adequate and sufficent warings and exposure to such products which caused the injuries complained of herein.

(oo) Defendant, Selby Battersby and Company, was a Pennsylvania corporation with its principal place of business at 5220 Whitby Avenue, Philadelphia, Pennsylvania, 19143 and at all times material it sold asbestos-containing spray and other asbestos-containing products to which Plaintiff was exposed.

(pp) Defendant, Sloan Valve Company, is an Illinois corporation with its principal place of business located at 10500 Seymour Avenue, Franklin Park, Illinois.

(qq) Defendant, SOS Products Company, is a Pennsylvania corporation with its principal place of business located at 4th and Railroad Streets, East Greenville, Pennsylvania. At all times material to this action it sold asbestos containing products to which plaintiff or decedent was exposed. This exposure was a substantial contributing factor to the injuries complained of

19

herein.

(rr) Defendant, Vellumoid, Inc., is a North Carolina corporation with its principal place of business at 54 Rockdale Street, Worcester, Massachusetts. At all times material to this action Vellumoid or its predecessors in interest including W.R. Grace manufactured, distributed or sold asbestos gasket materials, rolls, or compressed sheets. As a result of its intended and foreseeable use, this equipment would become old and frayed and would emit asbestos dust and fibers which plaintiff/decedent inhaled.

(ss) Defendant, William Betz Plumbing Supply, is a Pennsylvania corporation with its principal place of business located at 2826 Frankford Avenue, Philadelphia, Pennsylvania.

11.   During the course of his employment at the worksites noted in Paragraph 6 supra, plaintiff believes and there fore avers that he was exposed to asbestos fiber or asbestos products manufactured, sold, distributed, or otherwise placed into the stream of commerce by the defendants.  The term asbestos products as used herein include asbestos-containing products such as boilers and engines and furnaces and turbines.   The term asbestos-containing as used herein mans products sold with asbestos or products whose designers, manufacturers and fabricators knew, should or could have known that it would be insulated or could be insulated with asbestos.

12.   Plaintiff does not now know whether or not he was exposed to asbestos products at worksites other than those enumerated in Paragraph 6 above, but he reserves his right to assert

20

at trial that he was so exposed at the other sites, should such evidence develop. Plaintiff avers that should such evidence develop, he will promptly notify defendants well in advance of trial.

13. Donald J. Small was diagnosed as having contracted Pleural Disease - Symptoms as a result of his asbestos exposure on or about June 13, 2000 by Dr. Jonathan L. Gelfand and such diagnosis was accompanied by discernible or ascertainable physical symptoms and/or functional impairment and/or other detrimental effects as a result of the exposure to asbestos. Plaintiff has developed symptoms due to his asbestos inhalations and injuries.

14. Plaintiffs plead for all of the items of damages set forth in the Complaints filed in the cases of Rafael Montero and Richard Balbirer and in the Master Complaint for all asbestos cases in the Court of Common Pleas which Complaints are referenced in Paragraph 8 of this Complaint.

**WHEREFORE**, plaintiffs demand of defendants a sum in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs for compensatory damages, and a sum in excess of Fifty Thousand Dollars ($50,000.00) in punitive damages.

PAUL, REICH & MYERS, P.C.

BY: _Violett & Paul_

ROBERT E. PAUL

21

## VERIFICATION

I hereby certify that I am a Plaintiff in the instant matter and the facts contained herein are true and correct to the best of my knowledge, information and belief. This statement is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Donald Small